UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-cv-01516-JMB |
| | ) |
| JANE WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs. Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

**28 U.S.C. § 1915(g)**

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if they have filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of this Court's files indicates that Plaintiff previously brought three civil actions that were dismissed as frivolous, malicious, or for failure to state a claim.  *See Ware v. Foley, et al.*, No. 4:25-cv-383-JAR (E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr., et al.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *see also Ware v. Missouri Dep't of Corr. et al.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1915(g)); *Ware v. Galibert, et al.*, No. 2:25-cv-4246-BCW (W.D. Mo. Oct. 28, 2025) (dismissing Plaintiff's action under § 1915(g)).  Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against six MDOC employees, the FDA, ADA Health Service, and Centurion, alleging unconstitutional conditions of confinement and failure to protect at the Eastern Reception, Diagnostic and Correctional Center (ERDCC).  Doc. [1] at 3-4.  He sues all Defendants in their individual and official capacities.

Plaintiff is incarcerated at ERDCC.  He alleges that on September 27, 2025, an HIV-positive inmate spit in his eye and used unspecified "chemicals" to attempt to kill him.  *Id.* at 3.  "Defendants ha[ve] been using HIV inmates to HARM me with BODILY FLUIDS to end litigation (I believe)!!"  Doc. [1-2] at 1 (emphasis in original).  He characterizes these events as attempted murder.  *See id.*  Plaintiff then states the COs "disregarded safety of institutional as well as liv[lihood] of Plaintiff (I believe) to 'eliminate' pending suits to release [liens] off properties!! Due to (John Doe) statement in front of B Wing showers by cell 5-B-201 with facial expressions as well 'gesture'!!"  Doc.

[1] at 3.  Plaintiff alleges Defendants "refuse to acknowledge [the] 'crime'" and refuse to transfer him because of his legal filings.  *Id.* at 11.

Plaintiff has attached a declaration to his complaint.  Because it is difficult to interpret, and because Plaintiff seems to be attempting to allege imminent danger, the Court will quote it in full:

> Sexual abuse ongoing from initial filing year 2024 4:24-cv-00846-SRW or 4:25-cv-00846-SRW campaign harassment. Staff defendants refuse to "ABIDED or UPHELD" Procedural Manuel as I state I'm in fear of STAFF per protocol "Transfer" suppose to happen!!  Refused, however cases 4:25-cv-00383-JAR pretained HIV used as weapon directed by staff Defendants Coolney, Foster (Sgt) On 2-15-25 HU4B dayroom as well as suit 4:25-cv-01457 HIV weaponized AGAIN by Defendants See 4:25-cv-1185-SPM 4:25-cv-1168 failure to protect. On all cases and incidents, Defendants has been using HIV inmates to HARM me with BODILY FLUIDS to end litigation (I believe)!!  In eminent danger attempted murder on 9-27-25 HU5-B-200 = see digital data and on 9-4-25 HU4 before 11:00 am see (all) digital data camera audio and I.O.C. system!! HIV/AIDS exposure by inmates who's targeting me for defendants staff (I believe)!!  Heighenten Enement [sic] Danger!!  Review "ALL" family FIRST AFFECTED by HIV/AIDS in state of: Mississippi D.O.A. in: MISSOURI FIRST FAMILY "AIDS" affected causes se[vere] anxiety, depression, PTSD, nightmare, day [illegible], mood swings, bipolar [illegible].

Doc. [1-2] (some capitalization corrected) (cleaned up).

For relief, Plaintiff seeks immediate release from prison, all Defendants' assets, $1,900,000,000.99 in damages, five luxury C-class bulletproof vehicles, yachts, two private jets, and a lifetime account at Barneys.  Doc. 1 at 6.

### Discussion

The Court does not find that Plaintiff's allegations are causing him to be under imminent danger of serious physical injury as required to trigger the exception to the three-strike rule.  The "imminent danger" exception to § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see, e.g., McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding plaintiff

faced imminent danger where infection spreading in his mouth required five tooth extractions and he needed two more extractions that were being unconstitutionally delayed).

The Court finds Plaintiff's allegations of imminent danger to be too speculative and remote to invoke the imminent danger exception to § 1915(g).  Speculation about the contraction of a communicable disease has not been found to constitute imminent danger. In the context of COVID, courts have found that speculation about the possibility of infection did not warrant the application of the "imminent danger" exception to the three-strike rule.  *See Gills v. Frakes*, 2021 WL 1575767, *1 (D. Neb. Apr. 22, 2021) (finding no imminent danger of serious harm existed where prisoner was celled and housed with several COVID-infected prisoners) (citing cases, including *Paige v. Washington*, No. 1:20-cv-629, 2020 WL 4558735, at *6 (W.D. Mich. Aug. 7, 2020) ("speculation about the mere possibility that [plaintiff] will become infected by the virus does not constitute imminent danger")).

Viewed in the light most favorable to Plaintiff, the Court does not find his allegations of potential HIV exposure demonstrate an imminent danger of serious physical injury sufficient to avoid the three-strikes bar.[1]  Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs.  Plaintiff shall pay the $405 filing fee within 21 days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

---

[1] Many of Plaintiff's allegations are factually frivolous under *Denton v. Hernandez*, 504 U.S. 25 (1992). For example, Plaintiff believes the CIA is monitoring him through a device inserted into his body.  *See* Doc. 7-1 at 5, 10-11, 15; Doc. 8; Doc. 9.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **DENIED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee within 21 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 20th day of  November, 2025.

                                                HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE